I concur in the main opinion insofar as it affirms the summary judgment as it applies to the plaintiff's Count III claiming fraudulent transfer. I further concur in *Page 265 
Part III.A. of the main opinion holding that Antoinette's motion for summary judgment, together with her exhibits to her motion, satisfied the requirements of Rule 56(c)(1), Ala. R. Civ. P.
I respectfully dissent from the main opinion insofar as it affirms the summary judgment as it applies to the plaintiff's Count I and Count II. The summary judgment materials before the trial court read in the light most favorable to the plaintiff, as we must read them in reviewing a summary judgment against the plaintiff, constitute substantial evidence that Antoinette received 98% of the $925.31 belonging to the corporation at the time of its dissolution. Because the Amended Plan of Reorganization says that Antoinette would receive 50,000 shares of additional stock in the corporation for the $120,000 she would pay into the corporation over the 10-year period, that $120,000 cannot be considered fair value paid by her to the corporation for the 98% of the $925.31. The 98% of the $925.31 is too much for us to deem de minimis